AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2021 JUL 21 PM 1:39

JEFFREY P. COLWELL
CLERK

BY_____ DEP. CLK

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 1:20CR00395-1 |
| | ) | |
| Adrian Salvador Ortega | ) | |
| *Defendant* | ) | |

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   Adrian Salvador Ortega,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☒ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Ct. 1: Failure to Report Change in Employment;
Ct. 2: Failure to Report Change in Residence;
Ct. 3: Failure to Participate in Substance Abuse Testing;
Cts. 4-6: Possession and Use of a Controlled Substance;
Ct. 7: Failure to Participate in Substance Abuse Treatment; and
Ct. 8: Violation of Law.

Date:   03/10/2021                                          s/A. Frank, Deputy Clerk
                                                     *Issuing officer's signature*

City and state:   Denver, Colorado                 JEFFREY P. COLWELL, Clerk of Court
                                                     *Printed name and title*

---

**Return**

This warrant was received on *(date)* 3/10/2021, and the person was arrested on *(date)* 7/15/2021
at *(city and state)* Denver, CO.

Date: 7/15/2021
                                                     *Arresting officer's signature*

                                                     Serena Martinez  DUSM
                                                     *Printed name and title*

CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. VS. ADRIAN SALVADOR ORTEGA      DKT. NO. 1:20CR00395-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Seth Junker, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Adrian Salvador Ortega, who was placed on supervision by the Honorable David C. Guaderrama, sitting in the United States District Court in El Paso, Texas, on November 1, 2018. The defendant was sentenced to 27 months' imprisonment, followed by three years' supervised release for the offense of Conspiracy to Transport Aliens, in violation of 8 U.S.C. § 1324. Jurisdiction of the defendant's case was transferred to the District of Colorado on December 21, 2020, and assigned to the Honorable William J. Martinez. Supervision commenced on June 26, 2020, and is set to expire on June 25, 2023. As noted in the judgment [Document 1], the Court ordered mandatory, special and standard conditions of supervision. The probation officer alleges the defendant has violated conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

**1. FAILURE TO NOTIFY PROBATON OFFICER OF CHANGE IN EMPLOYMENT**

On or about August 8, 2020, the defendant was fired from his place of employment, Creative Scapes, and failed to notify the probation officer within 72 hours of becoming aware of this change, which constitutes a Grade C violation of supervised release.

On November 20, 2020, during a phone call with the defendant he reported he was fired from his job at Creative Scapes on or about August 8, 2020. He further stated he secured a new job on or about September 4, 2020, through DC Construction but also failed to report that within the required timeframe.

**2. FAILURE TO NOTIFY OFFICER OF CHANGE IN RESIDENCE**

On or about October 28, 2020, the defendant was evicted from his apartment at 1175 South Reed Street, Apt. #206, Lakewood, Colorado 80226, and failed to notify the probation officer within 72 hours of becoming aware of this change, which constitutes a Grade C violation of supervised release.

On November 20, 2020, during a phone call with the defendant he reported multiple changes in work which negatively impacted him financially. Subsequently, he was unable to afford rent and was evicted from his apartment, which he failed to report within the

Adrian Salvador Ortega  
1·20CR00395-1

Petition for Warrant on Person Under Supervision  
Page 2

March 4, 2021

required timeframe. He reported living in various hotels but also failed to provide that information as required.

### 3. FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER

The defendant failed to provide urine samples at Independence Hose North (IHN) and Centennial Mental Health Center (CMHC), the testing program in which the probation officer had directed him to participate, on September 10, September 20, October 3, October 10, October 31, November 9, December 16, and December 20, 2020; and January 19, January 26, February 1, and February 5, 2021. This constitutes a Grade C violation of supervised release.

On July 15, 2020, the defendant was referred for drug testing at IHN. He was directed to call the drug testing line daily and test as required. He failed to submit to scheduled drug tests on September 10, September 20, October 3, October 10, October 31, November 9, December 16, and December 20, 2020. On December 30, 2020, the defendant was referred for drug testing to CMHC in Sterling, Colorado, after relocating from the Denver area. He failed to submit to scheduled drug tests on January 19, January 26, February 1, and February 5, 2021. The defendant was not excused from these scheduled tests. He attributed several of his missed tests as a result of not having the drug testing phone line memorized. On January 8, 2021, this was addressed with him over the phone and I provided him with written instructions via email as to the testing procedures. However, this failed to yield any different results as evidenced by further missed tests.

### 4. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about November 13, 2020, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release. [1]

On November 13, 2020, the defendant submitted a drug test at IHN, which yielded a positive result for amphetamines. On November 20, 2020, I spoke with him about the test result and after his initial denial he admitted to using methamphetamine approximately five times over the prior three weeks.

---

[1] The Probation Office believes that the defendant's possession and use of methamphetamine is a Grade B violation. According to §7B1.1(a)(2), a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year. In *U.S. v Rockwell*, 984 F.2d 1112 (10th Cir.) cert. denied, 113 S. Ct. 2945 (1993), the Court equated drug use with drug possession. In *U.S. v Robles*, 447 Fed. Appx. 892 (10th Cir. 2012), the Court found that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1. In *U.S. v Rodriguez*, 945 F.3d 1245 (10th Cir. 2019), the Court re-affirmed that drug use equates to drug possession and for a defendant with prior qualifying drug convictions under 21 U.S.C. § 844(a), the potential penalty is more than one-year imprisonment and is appropriately considered a Grade B violation.

| Adrian Salvador Ortega<br>1:20CR00395-1 | Petition for Warrant on Person Under Supervision<br>Page 3 | March 4, 2021 |
|---|---|---|

### 5. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about November 22, 2020, the defendant used or administered controlled substances, methamphetamine and marijuana, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On November 22, 2020, the defendant submitted a drug test at IHN, which yielded positive results for amphetamines and cannabinoids. On November 20, 2020, he admitted to recent marijuana use but initially denied any other drug use. He later admitted to using methamphetamine approximately five times over the prior three weeks.

### 6. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about December 22, 2020, the defendant used or administered controlled substances, methamphetamine and marijuana, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On December 22, 2020, the defendant submitted a drug test at IHN, which yielded positive results for amphetamines and cannabinoids. On January 8, 2021, the defendant admitted his last use of methamphetamine and marijuana was on or about December 22, 2020.

### 7. FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AS DIRECTED BY THE PROBATION OFFICER

The defendant failed to complete a substance abuse assessment at CMHC, the treatment program in which the probation officer directed him to participate, on January 15, January 19, January 29, and February 11, 2021. This constitutes a Grade C violation of supervised release.

While living in the Denver area the defendant was referred to IHN for a substance abuse evaluation in December 2020. However, IHN was unable to contact him to schedule the appointment and subsequent to moving to Sterling, Colorado, he was referred to CMHC to complete the evaluation. The defendant was scheduled for his initial evaluation on January 15, 2021, but he failed to attend that appointment. Make-up evaluation dates on January 19, January 29, and February 11, 2021, were scheduled but he failed to attend any of those as well.

### 8. VIOLATION OF LAW

On February 7, 2021, the defendant committed Bias–Motivated Crime–Cause Bodily Injury, in violation of C.R.S. 18-9-121(2)(a), a Class 5 felony; two Counts of Felony Menacing–Real/Simulated Weapon, in violation of C.R.S. 18-3-206(1)(a)(b), Class 5 felonies; Third Degree Assault–Knowingly/Recklessly Cause Injury, in violation of C.R.S. 18-3-204(1)(a), a Class 1 misdemeanor; and Harassment–Strike/Kick/Shove, in violation

| Adrian Salvador Ortega<br>1:20CR00395-1 | Petition for Warrant on Person Under Supervision<br>Page 4 | March 4, 2021 |
|---|---|---|

of C.R.S. 18-9-111(1)(a), a Class 3 misdemeanor. The most serious violation, which is a crime of violence, constitutes a Grade A violation of supervised release.

According to police reports, officers from the Sterling Police Department responded to a disturbance in progress at the Sterling, Colorado, Wal-Mart. Police reports from the incident indicate the defendant physically assaulted his ex-girlfriend and her boyfriend who is African American. Reports reflect racial slurs were directed at the victims to include "If he wasn't a nigger" and "I'm not accepting my kids around a fucking nigger."

On February 7, 2021, the defendant was arrested and subsequently charged by officers with the Sterling Police Department for Bias–Motivated Crime–Cause Bodily Injury, two Counts of Felony Menacing–Real/Simulated Weapon, Weapon–Possession/Previous Offender-Any Prior Felony, Third Degree Assault–Knowingly/Recklessly Cause Injury, and Harassment–Strike/Kick/Shove, Logan County District Court, Case No. 2021CR44. The defendant is presently in custody in the Logan County Jail pending a $20,000 bond. A status conference is scheduled for April 5, 2021.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's alleged violations, the probation officer requests a warrant for his arrest due to the potential danger presented by him. Numerous efforts have been afforded to the defendant to reduce non-compliance, but all have failed to yield favorable results. Such efforts have included increased supervision, drug testing, treatment interventions, and cognitive restructuring techniques. Considering the defendant is presently in custody and pending serious law violations, the ability for the defendant to appear on a summons is impractical.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violation(s) of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Seth Junker*
Seth Junker
United States Probation Officer
Place:   Denver
Date:    March 4, 2021

*s/Edgar T. Ruiz*
Edgar T. Ruiz
Supervisory United States Probation Officer
Place:   Denver
Date:    March 4, 2021

## PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years' imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade A violation. The defendant's criminal history is a Category V, thus the advisory guideline range for revocation is 30 to 37 months; however, the statutory maximum allowed under statute is 2 years.

## STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings. Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of flight and danger to the community. His criminal record is extensive dating back to 1995 and largely uninterrupted. While his new arrest is pending and he has not been convicted, the circumstances outlined in the police report raise serious concerns of his potential danger to the community. He also presents a risk of non-appearance based upon his history and failure to report a change in residence. Given the nature of the underlying offense, the nature of the violation conduct alleged herein, and his history and characteristics, there is no condition or combination of conditions that can reasonably assure the safety of the community and his appearance for future court dates.

Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.