IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-cr-395-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ADRIAN SALVADOR ORTEGA,

      Defendant.

---

**MOTION TO CONTINUE THE REVOCATION HEARING AND RELATED DEADLINES THIRTY DAYS**

---

Defendant Adrian Salvador Ortega, through undersigned counsel and unopposed by the government, moves this Court to continue the current revocation hearing scheduled for October 1, 2021, and related filing deadlines, for thirty days. In support, counsel states:

## INTRODUCTION

**(1)** On March 4, 2021, probation filed a petition to revoke Mr. Ortega's supervised release. Docket Entry Number ("DE") 4. Based on that petition, an arrest warrant was issued, DE 5; DE 6, and Mr. Ortega was taken into custody on July 16, 2021. DE 7.

**(2)** Mr. Ortega was ordered detained, DE 14, and remains in custody.

**(3)** The Court then scheduled a hearing on the petition to revoke Mr. Ortega's supervised release for October 1, 2021. DE 16.

**(4)** A superseding petition to revoke Mr. Ortega's supervised release was filed on September 8, 2021. DE 18.

**(5)** The undersigned reached out to the government to seek its position on a continuance, and as of that time of this filing, has not yet heard back.

## LAW

**(6)** This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271.

**(7)** In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

**(8)** This Court should continue the hearing on the petition to revoke Mr. Ortega's supervised release based on defense counsel's need to (a) conduct additional investigation regarding the allegations in the petition, (b) draft and file necessary motions and/or statements, (c) meet with Mr. Ortega, and (d) otherwise prepare for the revocation hearing.

**(9)** Additionally, counsel's request for a continuance satisfies the criteria in 18 U.S.C. § 3161(h)(7). The ends of justice served by continuing the revocation hearing 30 days outweigh the best interest of the public and the defendant.

**(10)** As for the *West* factors, counsel has diligently prepared for the revocation hearing by reviewing the revocation petitions filed by probation and communicating with his client. If the Court grants a 30-day continuance, defense counsel will have time to conduct necessary investigation, and participate in more meaningful attorney-client communication. The government would not be unduly inconvenienced if the Court continued the revocation hearing for thirty days. And finally, a denial of the continuance would deprive Mr. Ortega of the effective assistance of counsel.

//
//
//
//
//
//
//
//

## CONCLUSION

Wherefore, Mr. Ortega respectfully requests this Court continue the current revocation hearing scheduled for October 1, 2021, and related filing deadlines, for thirty days.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Jared Scott Westbroek
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  jared_westbroek@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2021, I electronically filed the foregoing **MOTION TO CONTINUE THE REVOCATION HEARING AND RELATED DEADLINES THIRTY DAYS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Aaron M. Teitelbaum, AUSA
Email: aaron.teitelbaum@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

ADRIAN SALVADOR ORTEGA  (Via U.S. Mail)

s/ Jared Scott Westbroek
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  jared_westbroek@fd.org
Attorney for Defendant