IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA

v.

ADRIAN SALVADOR ORTEGA,

Defendant.

Criminal: 1:20-CR-395 (WJM)

## ADRIAN SALVADOR ORTEGA'S NOTICE THAT HE INTENDS TO ADMIT THE ALLEGATIONS IN THE SUPERSEDING PETITION AND REQUEST FOR A SENTENCE OF SIX MONTHS

Adrian Salvador Ortega, through undersigned counsel, files the following notice to the Court and requests a sentence of six months, with substance abuse treatment, followed by twelve months of supervised released. Mr. Ortega's hearing is scheduled for January 5, 2022. Docket Entry Number ("DE") 26.

## INTRODUCTION

Mr. Ortega plead guilty to an information charging him with violating 8 U.S.C. § 1324, conspiracy to transport aliens, in the District Court for the Western District of Texas. DE 1-1:1; DE 18:1. The Court sentenced Mr. Ortega to twenty-seven months of imprisonment, DE 1-1:2, followed by three years of supervised release. *Id.* at 3. Mr. Ortega's case was then transferred to the District of Colorado on December 21, 2020. DE 18:1. Mr. Ortega served the term of imprisonment and supervision began on June 16, 2021. *Id.*

On March 4, 2021, probation filed a petition with the Court alleging that Mr. Ortega violated the terms of his supervised release. DE 4. An amended petition was filed with the Court on September 9, 2021. DE 18. In the amended petition, probation alleged eight violations:

(1) On August 8, 2020, Mr. Ortega failed to notify probation of a change in employment within seventy-two hours of being fired from his job. Mr. Ortega did not

notify probation that he was fired until November 20, 2020, when he explained that he started a new job.

**(2)** On October 28, 2020, Mr. Ortega failed to notify probation of a change in residence within seventy hours after he was evicted from his apartment. On November 20, 2020, Mr. Ortega explained to probation that because he was unemployed, and had to find a new job, he was unable to pay the rent and was evicted.

**(3)** Mr. Ortega failed to participate in substance abuse testing as directed. Specifically, Mr. Ortega failed to submit to several scheduled drug tests.

**(4)** On November 20, 2020, Mr. Ortega admitted to using methamphetamine.

**(5)** On November 20, 2020, Mr. Ortega admitted to using methamphetamine and marijuana.

**(6)** On January 8, 2021, Mr. Ortega admitted he used methamphetamine and marijuana.

**(7)** Mr. Ortega failed to participate in substance abuse treatment. Specifically, Mr. Ortega missed appointments for a substance abuse evaluation.

**(8)** On February 7, 2021, Mr. Ortega violated state law. Specifically, he was convicted of a Class 1 misdemeanor – Third Degree Assault–Knowingly and/or Recklessly Cause Injury, in violation of C.R.S. 18-3-204(1)(a). Mr. Ortega plead guilty to that charge on May 17, 2021; and was sentenced to six months in jail on June 2, 2021.

DE 18:1 – 4.

Mr. Ortega admits each of these violations. The violations Mr. Ortega is admitting are the result of juggling life circumstances that were beyond his control with the added stress of supervised release. Mr. Ortega lost his job and was unable to pay rent after being fired. Admittedly, Mr. Ortega focused his full attention on trying to obtain new employment and housing, and the major stress that brings. As a result, Mr. Ortega failed to report the change in employment or his change in residence.

Mr. Ortega eventually found employment and secured housing. However, his new employer required Mr. Ortega to work a significant amount. Mr. Ortega had to make a choice. He could attend the scheduled testing appointments, or he could work. Knowing that he previously lost a job, Mr. Ortega did not want to jeopardize the work he found. As a result, Mr. Ortega decided to not tell

his new employer that he was on supervised release. He also chose to work instead of missing work to attend the scheduled substance abuse testing. Eventually, Mr. Ortega told his new employer that he was on supervised release and began to attend his scheduled testing appointments.

After finally obtaining employment, and housing, Mr. Ortega also had significant issues with his girlfriend; the mother of his children whom he had been with for thirteen years. This additional stress – compounding the stress from losing his job and home – resulted in Mr. Ortega self-medicating to deal with stress. Mr. Ortega turned to using methamphetamine and marijuana. Mr. Ortega accepts that this was not the right choice – and now understands that he needs substance abuse treatment to learn the proper coping skills he needs to deal with the stress in his life.

Mr. Ortega's criminal conviction was the result of an ill-fated attempt to protect his children – and his now ex-girlfriend. Mr. Ortega was told that his ex-girlfriend's new boyfriend was physically abusing her in front of his children. While Mr. Ortega denies using any racial slurs, he confronted both of them in a Walmart. During that confrontation, Mr. Ortega got into a fight with the new boyfriend. He also recklessly pushed his ex-girlfriend. Mr. Ortega, understanding that he should have had handled the situation differently, plead guilty to a Class 1 misdemeanor – Third Degree Assault–Knowingly and/or Recklessly Causing Injury, in violation of C.R.S. 18-3-204(1)(a).

While Mr. Ortega was in jail, he began attending substance abuse treatment. *See* Exhibit "A." Mr. Ortega was screened, and accepted into, the Jail Based Behavioral Health Services ("JBBS") program on March 5, 2021. *Id.* That program offers mental health and substance abuse treatment during incarceration. *Id.* Mr. Ortega began treatment on March 11, 2021. *Id.* Mr. Ortega has participated in the program; "appear[ing] highly motivated to continue his self care and life improvement goals upon his release." *Id.*

## LAW

In imposing a sentence following revocation of supervised release, a district court is required to consider both Chapter 7's policy statements, *see United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005), as well as a number of the factors provided in 18 U.S.C. § 3553(a), see 18 U.S.C. §§ 3583(e), 3584(b).

*United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006); *United States v. Patton,* 506 Fed. Appx. 729, 731 (10th Cir. 2012) ("[t]he judge must consider [certain] factors in 18 U.S.C. § 3553(a) and the policy statements in Chapter 7 of the Sentencing Guidelines (Brorby, J.) (brackets in original). *See also United States v. Lee,* 147 F. Supp. 3d 1253, 1266 (D.N.M. 2015), aff'd, 650 Fed. Appx. 948 (10th Cir. 2016) (the Court must determine whether the defendant has violated the conditions, whether to revoke supervised release, and, if so, what punishment to impose for the violation).

The Chapter 7 policy statements suggest an imprisonment range of between eighteen to twenty-four months. DE 18:4; DE 19:3. "Pursuant to U.S.S.G. § 7B1.4(a), a Grade B violation and criminal history category of V results in a guideline imprisonment range of 18 months to 24 months." DE 19:4.

"The court may order a special condition of supervised release, as a further condition of supervised release, to the extent that such condition –

(1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);

(2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553 (a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a) . . ."

18 U.S.C. 3583(d). The United States Court of Appeals for the Tenth Circuit required that supervised release conditions "be linked to the offense and be no broader than necessary to

rehabilitate the defendant and protect the public." *United States v. Smith*, 606 F.3d 1270, 1282 (10th Cir. 2010).

The omission of subsection 3553(a)(2)(A) in the consideration of supervised release conditions has led courts to infer that "the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment." *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012); *see also United States v. Thompson*, 777 F.3d 368, 374 (7th Cir. 2015) (quoting *Murray*, 692 F.3d at 280). T. The omitted subsection includes consideration of "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

As one District Judge observed in *United States v. Lee*, 147 F. Supp. 3d 1253, 1270 (D. N.M. 2015), aff'd, 650 Fed. Appx. 948 (10th Cir. 2016), "In meeting the goals of supervised release, the emphasis should be on the violation, not the underlying offense."

> For example, when it considers the "nature and circumstances of the offense," it may consider how the defendant arrived before the Court, but its focus and emphasis in coming up with a disposition, should be on the nature and circumstances of the new violation. If the Court is going to consider the seriousness of the offense, the seriousness of the underlying offense is largely irrelevant, unless the violation is just the same thing as the underlying offense. In any case, the focus and emphasis, if seriousness is considered at all, should be on the seriousness of the new violation.

*Id.*, citing *United States v. v. Lewis*, 498 F.3d 393, 400 (6th Cir. 2007); *see also United States v. Massa*, 732 Fed. Appx. 119, 121 (3d Cir. 2018) (In supervised release violation sentencing district courts may consider "the nature and circumstances of the offense of the [present] violation.").

### Argument

This Court should sentence Mr. Ortega to six months of imprisonment followed by 12 months of supervised release. As noted above, the primary purpose of supervised release is "to facilitate the reentry of offenders into their communities, rather than to inflict punishment." *Murray*, 692 F.3d at 280. Accordingly, what Mr. Ortega needs to facilitate his reentry into the community is

substance abuse treatment. While he has been incarcerated with the state, he, now sober, has been able to realize this fact. As a result, he has meaningfully participated in both mental health and substance abuse treatment. *See* Exhibit A. As part of that treatment, Mr. Ortega has recognized his past mistakes and has taken steps to address those issues. He has begun addressing "his attitudes, thoughts, and behaviors that have resulted in his past and current mistakes." *Id.* Mr. Ortega has also come up with a plan to address those mistakes to make behavior changes to facilitate his return to the community. *Id.* Again, Mr. Ortega is "highly motived to continue his self care and life improvement goals upon his release." *Id.*

## CONCLUSION

Wherefore, Mr. Ortega admits the allegations in the petition to revoke his supervised release and asks the Court to sentence him to a sentence of six months, with substance abuse treatment, followed by twelve months of supervised released, also with substance abuse treatment.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Jared Scott Westbroek
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (603) 294-7002
FAX:  (603) 294-1192
Email:  jared_westbroek@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2021, I electronically filed the foregoing **ADRIAN SALVADOR ORTEGA'S NOTICE THAT HE INTENDS TO ADMIT THE ALLEGATIONS IN THE SUPERSEDING PETITION AND REQUEST FOR A SENTENCE OF SIX MONTHS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Daniel Robert McIntyre, AUSA
Email: daniel.mcintyre@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Adrian Salvador Ortega (Via U.S. Mail)

s/ Jared Scott Westbroek
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (603) 294-7002
FAX:  (603) 294-1192
Email:  jared_westbroek@fd.org
Attorney for Defendant