IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00395-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ADRIAN SALVADOR ORTEGA,

    Defendant.
_____

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S NOTICE AND REQUEST FOR A SENTENCE OF SIX MONTHS**
_____

    The United States of America, Assistant United States Attorney Albert Buchman, respectfully files this Response to Defendant's "Notice that He Intends to Admit the Allegations in the Superseding Petition and Request for a Sentence of Six Months" ("Notice"). [Dkt. 28.] In his Notice, Defendant requests a six-month prison sentence (12 months below the recommended guideline) followed by 12 months of supervised release. [*Id*.] In opposition, the Government joins the United States Probation Office's recommendation for a below-guidelines, 14-month prison sentence followed by a 22-month supervised release term. [*See* Dkt. 19 at 5-6.]

**Guidelines Calculation**

    The guidelines calculation in the Superseding Petition is uncontested. [Dkt. 18; *See* Dkt. 28.] Defendant was originally convicted of a Class C felony and had a criminal history of Category V at the time of sentencing. [Dkt. 18.] For a Grade B violation, the

1

highest violation here, Defendant's guidelines range on revocation is 18 to 24 months pursuant to USSG § 7B1.4(a). [*Id.*]

## Government's Position

The Government asserts that a longer, but still below-guidelines, sentence is justified under the factors enumerated in 18 U.S.C. § 3553(a) and joins Probation's recommendation of a 14-month prison sentence followed by a 22-month supervised release term. [*See* Dkt. 19 at 4-5.]

The broad extent of Defendant's multiple Grade B and C violations justifies a longer prison term. Within eight-months into his three-year supervised release term, Defendant violated numerous supervised release conditions, including failing to report changes in his work and living arrangements, neglecting to participate in substance abuse testing and treatment, using controlled substances repeatedly, and incurring a new state criminal conviction. [Dkt. 18.] Defendant's poor response to supervision is concerning when viewed in the context of over 20 years of non-compliance with state supervision. [*See* Dkt. 2, ¶¶ 30-40 (PSR highlighting supervision history since age 14).] Further, the new state conviction is particularly alarming given Defendant's recidivism throughout his adult life. Thus, the Government reasons that a longer prison term, 14 months, is a substantive and necessary sanction to (1) punish Defendant for his repeated violations, (2) impress upon Defendant the importance of compliance to address his own needs, and (3) deter him from future recidivism that would endanger the safety of the community. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B) and (C). Notably, in his request for a significantly below-guidelines term of imprisonment, Defendant fails to address Defendant's lengthy criminal history, his poor response to supervision, and his risk for recidivism. [*See* Dkt.

28.]

Furthermore, a longer supervised release term, 22 months, is necessary to meaningfully address Defendant's substance abuse needs and continue any positive progress he has made, both goals considered under 18 U.S.C. § 3553(a)(2)(D). While the Government applauds Defendant's current sobriety and positive steps at the Logan County JBBS program [*See* Dkt. 28, Ex. A], a longer 22-month supervised release term affords more opportunity for Defendant to obtain further mental health and substance abuse treatment, with special conditions of ongoing treatment and residence in a residential reentry center recommended by Probation. [Dkt. 19 at 7 (special conditions recommended by Probation).] The Government heavily considered Defendant's recent progress in requesting a below-guidelines prison sentence.

## Conclusion

A sentence of 14-months imprisonment and 22 months of supervised release is sufficient, but not greater than necessary, to accomplish the sentencing goals set forth in 18 U.S.C. §§ 3553(a) and 3583(e).

DATED this 28th day of December, 2021.

          COLE FINEGAN
          United States Attorney

          *s/ Albert Buchman*
          ALBERT BUCHMAN
          Assistant United States Attorney
          United States Attorney's Office
          1801 California Street, Suite 1600
          Denver, Colorado 80202
          Telephone: (303) 454-0100
          Fax: (303) 454-0403
          E-mail: Al.Buchman@usdoj.gov
          Attorney for the Government

## CERTIFICATE OF SERVICE

      I hereby certify that on December 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                    s/ *Brenda L. Lozano*
                                    BRENDA L. LOZANO
                                    Legal Assistant
                                    Assistant United States Attorney